9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy Monday AGBONMA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-9509.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Immigration and Naturalization Service (INS) commenced deportation proceedings against Timothy Monday Agbonma, a native and citizen of Nigeria, because he had overstayed his nonimmigrant student visa in violation of 8 U.S.C. 1251(a)(1)(C)(i). In his deportation hearings, Mr. Agbonma conceded that he was deportable but argued that he was eligible for suspension of deportation under 8 U.S.C. 1254(a). The Immigration Judge (IJ) concluded that Mr. Agbonma was not eligible for suspension of deportation because he failed to demonstrate that his deportation to Nigeria would result in "extreme hardship" to himself or his United States citizen wife, as required by 8 U.S.C. 1254(a). The Board of Immigration Appeals (BIA) then dismissed Mr. Agbonma's appeal, concluding that the IJ properly found that the potential hardship to Mr. Agbonma and his wife did not rise to the level of "extreme hardship."
 
 
 3
 Mr. Agbonma argues on appeal that the BIA abused its discretion in concluding that he failed to meet the "extreme hardship" requirement for suspension of deportation under 8 U.S.C. 1254(a). We exercise jurisdiction to review the BIA's order under 8 U.S.C. 1105a(a) and affirm.[2]
 
 
 4
 Mr. Agbonma has the burden of proving his eligibility for suspension of deportation. Turri v. I.N.S., 997 F.2d 1306, 1308 (10th Cir.1993). Whether deportation will result in "extreme hardship" is a discretionary matter that we review only for an abuse of discretion. Id. "Our review of the Board's determination on extreme hardship is limited." Id. (citing Hernandez-Cordero v. United States I.N.S., 819 F.2d 558, 562 (5th Cir.1987) (en banc)). "We doubt that there remains much, if any, scope for judicial substantive review, even under an abuse of discretion standard, of no extreme hardship determinations." Id. (internal quotations omitted). In the present case, the IJ's order makes it apparent that the IJ carefully considered the evidence at trial before finding that Mr. Agbonma failed to demonstrate that his deportation to Nigeria would result in extreme hardship to him or his United States citizen wife. The BIA then reviewed the evidence and determined that the IJ's finding was proper. After reviewing the record, we conclude that the BIA did not abuse its discretion in upholding the IJ's finding that Mr. Agbonma failed to meet the "extreme hardship" requirement for suspension of deportation under 8 U.S.C. 1254(a). We therefore AFFIRM the BIA's dismissal of Mr. Agbonma's appeal. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The INS argues that we have no jurisdiction over this appeal because Mr. Agbonma failed to raise before the BIA the issues related to the IJ's denial of suspension of deportation under 8 U.S.C. 1254(a). We disagree. In his appeal to the BIA, Mr. Agbonma argued that the IJ did not give proper consideration to the available evidence. We believe that this contention relates to the suspension of deportation issue. Moreover, the BIA specifically addressed the suspension of deportation issue in its order. Therefore, we have jurisdiction over this appeal